Opinion issued May 23, 2002









 







In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00388-CR






CHARLES DAVID BROOKS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 828,554






O P I N I O N

 Appellant, Charles David Brooks, pleaded guilty, without an agreed
punishment recommendation from the State, to the offense of arson and "true" to a
single enhancement paragraph. The trial court accepted appellant's plea and ordered
a presentence investigation report (PSI). After hearing the evidence presented at the
PSI hearing, the trial court assessed punishment at 20 years confinement. We affirm.

 Counsel has filed a brief stating his opinion that the appeal is frivolous. The
brief meets the minimum requirements of 
 , by presenting a professional evaluation of the record and
stating why there are no arguable grounds of error on appeal. See 
 .

 Counsel certifies that the brief was delivered to appellant, and appellant was
advised of his right to file a pro se response, which he has done.

ANALYSIS

 On appeal, appellant contends: (1) his guilty plea was involuntary because he
was incompetent at the time it was entered; and (2) that he received ineffective
assistance of counsel.
A. Involuntary Plea because of Incompetency
 Appellant contends that his plea was involuntary because he was incompetent
at the time he entered it. Appellant points out that, during the plea hearing, the
following exchange took place:

 [trial court]: Are you of sound mind? Do you understand what is going on?

 [appellant]: Yes.

 [trial court]: When you committed this offense were you of sound mind?

 [appellant]: Not competent.

 [defense counsel]: Mr. Brooks - 

 [appellant]: Sorry. Yes.

 [trial court]: All right. And do you understand, Mr. Brooks, by entering a plea
of true you are giving up any defenses you may have such as insanity?


 [appellant]: Yes.


 Appellant contends that this exchange is evidence his plea was involuntary
because he was incompetent and that he did not understand the plea proceedings. 
Voluntariness of a plea is determined by a totality of the circumstances. 
 - (citing
 ). When a defendant
attests on the record to the voluntary nature of his plea, a "heavy burden" is placed
on him to establish a lack of voluntariness. 
 - '.

 Appellant is presumed competent to enter his plea. Tex. Code Crim. Proc.
Ann. Art. 46.02 § 1A(b) (Vernon Supp. 2002). It is appellant's burden to show that
he was incompetent at the time he entered his plea. Brown v. State, 960 S.W.2d 772,
777 (Tex. App.-Dallas 1997, pet. ref'd). In this case, a pretrial hearing on the issue
of appellant's competency was held, and the expert, Dr. Edward Friedman, concluded
that appellant was competent to stand trial. Appellant also initialed the plea papers,
indicating, "I am mentally competent and understand the nature of the charges against
me." The trial judge and appellant's attorney also represented in the plea papers that
they believed appellant was competent to stand trial. Finally, at the plea hearing
itself, both appellant and his attorney stated on the record that appellant understood
the nature of the plea proceedings. Appellant's statement that he was "incompetent"
at the time of the offense has nothing to do with the issue of whether he was
competent at the time he entered his plea. Appellant also acknowledged that, by
pleading guilty, he was waiving his defense that he was insane at the time the offense
was committed. Therefore, there is nothing in the record to support appellant's claim
that he was incompetent at the time he entered his plea. 

 The record shows appellant was properly admonished, and this establishes a
prima facie case that the plea was knowing and voluntary. See Ex parte 
 . The burden then shifts to appellant to
demonstrate the involuntariness of his plea. See 
 . Appellant has not rebutted the recitations in the
judgment that his plea was freely and voluntarily entered. Because the record does not
support appellant's claim that his plea was involuntary, we overrule the points of
error related to the voluntariness of his plea.

B. Ineffective Assistance of Counsel
 
 
 - 
 -
 
 - ' 
 
 
 
 ; - 
. There is a strong presumption that counsel's conduct was reasonable and that
counsel's actions fell within the range of effective assistance. 
 . A claim of ineffective assistance of counsel must be firmly
supported in the record. . We do not judge counsel's
strategic decisions in hindsight, and we strongly presume that counsel's actions were
competent and motivated by sound trial strategy. See id.; 
 .
 There is nothing in the record to support appellant's claims that counsel
threatened him, misinformed him about the punishment he would receive, failed to
investigate the case, or failed to communicate with appellant. Similarly, there is
nothing in the record to show why counsel made the choices he did in the
presentation of appellant's evidence, or in objecting or not objecting to evidence
presented by the State. There was no motion for new trial hearing to establish
whether or not appellant's counsel exercised sound trial strategy, and the absence of
trial strategy cannot be determined from the record. A silent record, which provides
no explanation for counsel's actions, will not overcome the strong presumption of
reasonable assistance. See . To find that trial
counsel was ineffective would call for speculation, which we will not do. 
 -- . Because
appellant has not rebutted the presumption that trial counsel made all significant
decisions in the exercise of reasonable professional judgment, we overrule the points
of error relating to effective assistance of counsel.



CONCLUSION


 We have made an independent review of the record and agree with appellant's
counsel that there are no arguable grounds for review. Accordingly, we affirm the judgment.
We grant counsel's motion to withdraw. See 
 - . Counsel still has a duty to inform
appellant of the result of this appeal and also to inform appellant that he may, on his
own, pursue discretionary review in the Court of Criminal Appeals. See Ex parte
 .


 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.